Next case before us is 19-3217, United States v. Salazar. Would counsel for the appellant make his appearance, please? Judge Holmes, may it please the court, my name is Dan Hansmeier. I'm an attorney with the Federal Defender's Office in Kansas, and I represent the appellant, Sean Salazar. At bottom, this appeal is really about how to for a federal criminal offense. Our position is simple. That term of imprisonment is found in the statute of conviction. And so in this case, Mr. Salazar was convicted of Section 922g. The imprisonment penalty provision for that is Section 924a-2. It provides whoever knowingly violates subsection g of Section 922 shall be in prison not more than 10 years. That unambiguous text solved the problem. Defendant convicted of a Section 922g offense may never serve more than 10 years in prison for that offense. Now, in 1995, this court sort of created an exception to the text holding in United States v. Robinson that a defendant could serve more time in prison if that prison sentence were imposed upon revocation of supervised release. So we're here asking this court to reconsider Robinson because of intervening precedent. As we read Robinson, Robinson's reasoning relies on a discredited view of how revocation sentences work with respect to the initial offense of conviction. So Robinson relied on precedent predating the 1994 amendments to Section 3583e-3. And that's important because the language changed in 1994 to sort of add this idea that you link the term of revocation, the sentence upon revocation to the statute, not the term of supervised release. I'm a little puzzled by that argument because in footnote 2 of Robinson, it said it was in the pre-amendment statute. So the court was relying exactly on the language of the statute that you are arguing somehow or other there was a change effect. So please clarify for me what you mean. Well, I think three responses on that. One, we don't need the statutory amendment. We have precedent that does the work for us. But with respect to the 1994 amendment and Robinson, it's footnote 2 does say that. But when you look at the text and what the court actually did, when it quotes Section 3583e-3 in the text, it does not include the new language, the authorized by statute language. And I think more importantly, it relies on pre-1994 amendment cases, extra circuit cases. And those cases clearly relied on the pre-1994 amendment language. If Robinson says there's no substantive difference in the language for purposes of its ruling, then if it relied on the pre-1994 cases that construed the pre-1994 statute, what difference does that make? Well, again, with respect to the amendment, the point basically is that it's just another reason for this court to not be bound by Robinson. That's our point. It's not that, you know, I'm not here necessarily relying on that amendment to say that Robinson was incorrect. What I'm saying is that that's another reason for this court not to be bound by Robinson. And what I'm trying to understand is why that would be a valid reason if the reason is predicated to some extent on the fact that Robinson relied upon the statute that no longer was in effect. If, in fact, Robinson didn't rely on a statute that was no longer in effect and Robinson felt that the amendment didn't change the statute, I mean, is that, in fact, a stool, a leg of the stool that has any strength to it? I don't want to repeat myself. So, as I just said, those are our reasons why the amendment matters. But even if the Robinson court took into account the 1994 amendments, the reasoning, Robinson's reasoning has still been superseded by intervening precedent. And as I understand the government's, so Robinson, the idea with Robinson is that because section 3583A authorizes a term of supervised release in addition to a term of imprisonment, Robinson says that any revocation prison sentence can also be in addition to the imprisonment. And the only way to do that is sort of this conversion principle. And this is what the government's relying on in this case, too, as I understand the argument, that this idea that a term of supervised release can be converted to a prison sentence and thus not attributed to the underlying term of imprisonment, but instead to the underlying term of supervised release. But subsequent precedent rejects that reasoning. And really, the most on point case, I think, is from this court, United States v. Mendiola. So, in a case in 2004, United States v. Tosi, this court actually adopted this conversion principle, basically said that a resentencing upon revocation is actually not a resentencing. It is this idea that you just convert, you're just converting the term of supervised release to a term of in Tosi. So, in 2012 in Mendiola, this court found that Tosi, this court overruled Tosi, essentially adopting Judge O'Brien's dissent. And that dissent makes clear that there is no difference between a sentencing and a resentencing upon revocation. Same rules apply. 3582A still applies. So, this idea that you're just converting the term of supervised release to a term of imprisonment has been actually rejected by this court. And I think that makes sense when you look at the text of all of this. When you look at section 3583A, it says the defendant may be placed on a term of supervised release after imprisonment. When you look at section 3583E3 there's the language about not crediting time previously served on post-release supervision. Again, Congress is drawing a line between the two. And then when you look at section 3624E, it becomes even more explicit where Congress says that a term of supervised release does not run during any period in which the person is imprisoned on a federal offense. And to highlight this, I think, is the Supreme Court's decision in Mott just a few years ago, where the Supreme Court said prison time is not interchangeable with supervised release. So, to the extent that the government is relying on this conversion principle, I don't think it gets anywhere in light of subsequent precedent. Now, we focused on Johnson in our opening brief because that's what we relied on below and the government did not make its conversion principle in the district court. And so, Johnson supports all of this as well. So, Johnson says post-ratification sanctions are part of the penalty for the initial offense. It doesn't say that post-ratification sanctions are in addition to the penalty for the initial offense. And so, the fact that a term of supervised release imposed at sentencing may be in addition to the term of imprisonment, we don't dispute that. That's obviously true. It doesn't follow that a term of imprisonment, not a term of supervised release, that a term of imprisonment is attributed to a term of supervised release. Our position is that imprisonment is attributed to imprisonment. Supervised release is a attributed to supervised release. It's really that simple. I think that supervised release is attributable to supervised release. Absolutely, yes. So, an additional term of supervised release would be attributed to the prior term supervised release. This is what your aggregation principle that you called it, I mean, essentially. I'm not seeing, I guess, where the idea that this aggregation approach has really been approved by any court, including this court. Well, I think, I guess the question there is what's left. If this court says that you don't convert a term of supervised release to a term of imprisonment, what's left? What do you do with it? And if Johnson says that you have to attribute that post-revocation sanction to, as a part of the penalty for the... I'm sorry, and what are you relying on to say this court says you don't convert a term of supervised release to imprisonment? What are you relying for that? So, that's United States v. Mendiola. We talked about that in our... Mendiola really didn't, I don't, I mean, I think Tapia is the case that basically overruled Tosi, but it didn't overrule the portion of Tosi that I think is against what, is contrary to what you're saying. And Mendiola, I didn't think anything about it indicated that it invalidated anything in Tosi as far as re-imprisonment converting a term of supervised release into a term of imprisonment. I don't think anything's invalidated what we said in Tosi is my point. Well, I completely disagree with that. So, and cites it, and it has this theory about conversion. And then immediately after that, this court cites the dissent, Judge O'Brien, where he said, where he finds no support for the majority's position. The idea, the reason why Tosi was incorrect is because it held when revoking supervised release, the district judge is not re-sentencing the defendant, right? So the theory is that it's not a re-sentencing. You just can, you're just putting him in prison during his term of supervised release. That's the theory. So Mendiola has to reject that. Tapia has to reject that because, because what Tapia says is section 3582A is relevant. What Mendiola says is section 3582 is relevant. And in fact, if you go all the way back to Johnson in footnote 11, the court talks about re-sentencing. The court's at the original sentencing or the baseline from which powers at re-sentencing are determined. So this idea that it's not a sentencing is just wrong. And again, Mott, prison time is not interchangeable with supervised release. I don't know how, I don't know how the conversion principle makes any sense in light of that quote from the Supreme court. Prison time is not interchangeable supervised release. You don't convert the two. I have a hard time seeing how this gets you where you're trying to go. I mean, it's not like we're deciding this on a blank slate. You have to, you have to prove to us that we have decisively undercut, and I mean decisively, Robinson so that we're not bound by it. We're not doing this under a first principles line of reasoning. And if that's the case, then I, I just don't, I don't see it. And in particular, let me just make sure I get two questions answered before we're done. I mean, as it relates to Hayman, does it really matter to your argument whether we view Justice Breyer's concurrence as the controlling opinion in that case or not? No. Okay. The second question relates to Johnson. And I took it from your argument, and maybe I misunderstood it. I took it from your argument that one of the reasons Johnson is important is your view that it indicates that at the time of revocation, the revocation sentence goes back and relates back to the original offenses. Is that correct? Correct. Okay. Well, what I found enlightening in Justice Breyer's concurrence in Hayman, in directing your attention to that, I found it really interesting that Justice Breyer enforces his concurrence. But in his concurrence, what he explains and what that means is simply that the classifications that you have in E3 relate back to the severity of the original offense. And so that makes all the sense in the world. That what he's saying is that what we're saying is that you have to go, you're not sentencing based upon the supervised release violation, which of course raises all sorts of Sixth Amendment issues. But what we're saying is you go back and look at what was the severity classification of the original offense, and that determines where you fall on the sentencing scale. And what I'm saying is, even if that's not undisputedly right, you got a problem because you have to explain it's undisputedly wrong. Go ahead. No, I completely agree with that. That is absolutely right. In run-of-the-mill case section 3583 E3 controls, the question in this appeal is whether there is that it can trump the statutory maximum. And Justice Breyer doesn't talk about. Here's the thing with Hayman. This issue was not raised in Hayman. This issue couldn't have been raised in Hayman because the defendant received a sentence, an aggregate sentence below the statutory maximum. So everything in every single decision in Hayman is dicta. And to draw a rule out of any of that isn't what we're asking this court to do. We're not relying on Hayman. Hayman is just another piece of the puzzle that suggests that Robinson needs reconsidered. And on that point, I disagree that this court can't reconsider Robinson. This court, panels of this court reconsider decisions all the time based on intervening precedent that does not directly control. Perfect example, reckless crimes. This court overruled prior precedents based on a misdemeanor domestic crime of violence case. The Supreme Court has granted in that case and we'll hear argument in a few months. What case are you talking about? Betcher, United States v. Betcher. That issue is in front of the Supreme Court right now in Borden. It will be argued in two months. So if there's some requirement that it is indisputable, then somebody did something wrong in overruling Betcher. And there is a long line of precedent on this, Brooks, that we cite all of this. So you're looking at the logic and reasoning of Robinson. And we think that is absolutely clear that the logic and reasoning has been superseded to the point where this court can consider the issue anew. And you keep speaking of pieces of the puzzle. What particular piece do you feel is most salient in this undercutting? Because I talked about Robinson. I mean, talked about Johnson. No, no, no, no. We're not relying on Hayman. We're not relying on Johnson. All right, then what are you relying on? Well, we are relying on, absolutely. We're relying on Johnson. And what does Johnson get you? Well, again, Robinson relies on this idea that because a term of supervised release is in addition to a term of imprisonment, that is enough to get you beyond the statutory maximum. And what we're saying is that that is not, Johnson necessarily rejects that proposition. And explain that to me. Because as I said, there is a clear explanation for why you refer back to the original conviction, which Justice Breyer gave us in his concurrence. So what is it in Johnson that you feel undercuts the rationale of Robinson? Because it's part of the penalty for the initial offense. It's not in addition to. And there's a clear distinction between imprisonment and supervised release. And even if you don't think Johnson gets you there, Mendiola does. Mott does. It is clear in 2012 that prison time is not interchangeable with supervised release. And once we realize that, once we recognize that, you can't convert a term of supervised release into prison. A defendant doesn't serve his term of supervised release in prison. And that's the rationale Robinson used in its reasoning. And that's the rationale that has been rejected. That's why you can reconsider it. I am way out of time. All right. Thank you very much, counsel. Thank you, your honors. May it please the court. John Pelletier on behalf of the United States. This court's clear precedent in Robinson controls this case and resolves the outcome. There's nothing in the intervening 25 years that has abrogated Robinson, undermined it, contradicted it. It still remains binding authority on this panel. And it directly requires affirmance here. Well, I mean, you ticked off a few terms and those terms have distinctions with a difference. I mean, I did not hear you or I didn't see in your brief that you contradicted the argument the defendant is making, which frankly is not self-evident that that when precedent loses viability, viability being the operative word, that therefore we don't have to follow it. You didn't push back on that at all, as far as I could see. And so do you agree with that principle, that it's not a question of us abrogate a question of superseding authority, abrogating or, or directly contradicting that it's enough that it loses viability by virtue of its reasoning? Well, you're, you're, this court has used different formulations. It said, is where'd you get viability from and undermining the reason and logic is something the court has also said, no matter how you formulate it, this case doesn't come anywhere close to it. There's nothing in Johnson. There's nothing in Haman that comes close to undermining the logic reasoning of Robinson. So no matter how you formulate this, the notion of how intervening precedent somehow sufficiently undermines this court's president, it's not present in this case. Look at Robinson. There is something in Haman, but it's, it's not particular situation and says it may well raise sixth amendment issues, but the court didn't decide that. So I think there is something in Haman. It's just that's not enough for us to there's some ways to overrule Robinson. There's language in the four justice concurrence by justice Gorsuch that suggest this this position is argument might have some credence, but it is, even if you take, obviously, number one, justice Breyer's concurrence is the controlling whole thing. So that's number one, but number two, even if you take the, the plurality at its word, it did not even reach that question. It was just responding to the dissent and saying worst case scenario, it would reach a few cases. So it didn't even really say that authoritatively, we believe this to be the case. This is the correct interpretation of how things work. It just was more of a response and speculative response at that to the dissent. And they're also, I didn't think that Johnson was controlling on that issue, or it probably would have said so. I mean, it speculates that this is an issue that still remains to be decided, I guess, is my point. It's an issue that in the four justice pluralities could arise in, in the future. It's obviously questionable whether it ever will, given that it seems clear that five justices don't sign on to that. But I do think that another point to be made is that, as we understand Mr. Salazar's arguments, there's two components of it. One is a statutory interpretation question. And that is just whether, how do you read the statutes? Does it permit a revocation, post-revocation sentence that when aggregated with the term of imprisonment for the substantive offense exceeds the statutory maximum for the substantive offense? That's a statutory interpretation directly resolved by Robinson. And then the other part is this apprendi question, this constitutional question, which is assuming that Robinson is a correct interpretation of the statutes, is there some sort of constitutional problem there? And that is resolved by Cordova. And it's resolved, frankly, by Justice Breyer's controlling concurrence saying that there's no, that does not in any way question Cordova, and that does not suggest that apprendi applies to these revocation proceedings. And even if you were... Could you address his point about Mediola, I think was the case, he contends that we've somehow reversed course in that case, or in perhaps in Tapia, Tapia. Right. Well, Your Honor, so the question in Tapia was when sentencing a defendant and determining the length of imprisonment, can you take into account rehabilitation? Right. And the Supreme Court said no. And then what, then the next add-on was, okay, well, so then when... That overruled that portion of our case in Tosi, right? Well, Tosi actually did not directly address that question. It addressed a related question that was not answered in, that was not part of the holding necessarily of Tapia. And the when determining whether to impose a term of imprisonment, any length for post-revocation imprisonment, can you take into account the, can you take into account rehabilitation? And in light of Tapia, this court reconsidered its precedent. Frankly, the government agreed. And the answer is no, you cannot take into account rehabilitation. Now, in reaching a contrary conclusion in Tosi, this court, it had used a lot of language, some of which to be perfectly blunt is not viable anymore. But the notion that a post-revocation imprisonment converts supervised release into imprisonment, we believe remains valid. And really, I mean, it's some courts in Collins, this court used the term enhance, a post-revocation imprisonment enhances the supervised release. Some courts have said it modifies it, no matter what formulation, whether it's convert, modify, enhance. The point is that when a district court imposes post-revocation imprisonment, it is modifying, enhancing the term of supervised release that was imposed at the time of sentencing. And that is separate from the term of imprisonment that was imposed at the time of sentencing. If you look at the overall statutory scheme, it strongly, it all, a number of components support that conclusion. So if you look at, for example, 3551, it states that when a district court is imposing sentence, it has to impose a term of probation, fine, or a term of imprisonment. And then when you go to 3581, it has a statute, a kind of a default statutory maximum for terms of imprisonment for class A, B, C, and D felonies. And of course, many statutes that prescribe criminal conduct have their own statutory maximums, and those control to the extent they're present. But 3581 does have a statute. 3582 states that, talks about modification of a sentence of imprisonment. And it says that a sentence, a judgment is final at the time of sentencing, and there's only certain narrow circumstances when a sentence may be modified after judgment becomes final. It doesn't mention at all revocation. It doesn't talk about post-revocation imprisonment. It doesn't conceptualize post-revocation imprisonment as a modification of the term of imprisonment that was imposed at the time of sentencing. And that's further buttressed by 3583 itself, which says that the court in imposing a sentence to a term of imprisonment may include as a part of the sentence, a requirement that the defendant be placed on supervised release after imprisonment. So after imprisonment is when supervised release becomes effective. It is separate from the prior term of imprisonment. And then supervised release becomes effective at the time that that term ends. And then there are separate statutes that say, and then you can impose post-revocation imprisonment as a sanction for violating a condition of that supervised release. And that is a modification enhancement of the supervised release term. It is not in any way a modification. How does that argument fit with Johnson? I mean, if I understood what you just said, you said that you were, in fact, imposing a penalty of prison for violation of supervised release. And Johnson would contradict that. And in fact, I'm looking now at footnote five of Haman that was cited by the defendant. And Justice Gorsuch says, as Johnson recognized when a defendant is penalized for violating the terms of the supervised release, what the court is really doing is adjusting the defendant's sentence for his original crime. Yes. Well, how does that fit with what you just said? Because it's an enhancement of the initial penalty. So supervised release is punishes the original crime. And post-revocation imprisonment enhances that punishment for the original crime. And it enhances it. It's an enhancement based on a breach of trust for violating a term of that supervised release. So when you have a sentence, for example, five years... If it's an enhancement for the original crime, why doesn't that fall right into the defendant's argument, which says that, well, my original crime had a cap on it in terms of the sentence. And therefore, if you're enhancing for my original crime, why isn't that sentence going to be capped by the sentence for my original crime? I mean, does that really matter? If you look at the statutory scheme, Your Honor, there are multiple types of punishment for a crime. There is imprisonment, there are fines, and there's supervised release. All those are punishment for the crime. But there are different statutes that govern the maximum amount of imprisonment initially, and then the maximum amount of supervised release and post-revocation sanctions of imprisonment for a violation of a term of supervised release. But not only is the initial term of supervised release punishment for the initial crime, so is the post-revocation sanction of imprisonment for this, that is a punishment for the initial crime. But the statutory provisions that govern the amount of imprisonment are not the initial statutory provisions that govern the amount of imprisonment for the substantive offense. They're the 3583E provisions that say you can be sentenced for post-revocation imprisonment up to, well, initially it says up to the statutory term of supervised release, but then it goes lower than that. It basically has, I think, one, three, and five year caps. And that is the cap on the type of imprisonment that those statutory provisions are separate. And yes, the post-revocation imprisonment is a punishment for the initial offense. It is a punishment for the breach of trust for violating a term of supervised release, which is a punishment for the initial offense. But the different statutory provisions govern the scope and the ability and the maximum amount of post-revocation imprisonment. And as I said, the statutory scheme makes clear that you have for the initial offense. And that's not modified except in very narrow circumstances after judgment becomes final. So for example, if there's an intervening, an amendment to the guidelines that applies retroactively, that is one narrow circumstance where a judge may modify that initial term of imprisonment. But the 3582 does not mention post-revocation imprisonment as modifying the term of imprisonment. No, it modifies the punishment that is the supervised release term. That's what it modifies. It enhances that. And it enhances in doing so, yes, it does enhance the punishment for the initial offense, but it's enhancing by doing so, it does so by enhancing the supervised release term, not by enhancing the initial term of imprisonment. And so that's why I think it's important for us to look at this in a new light. I think it's important for us to look at this in a new light. If this court were to address this de novo, if this court were to say, let's just look at this afresh. And we think Robinson is correct for all those reasons that I've just spelled out. But obviously, this court is bound by Robinson. And Johnson does not in any way undermine Robinson because Robinson itself embraced the rule of Johnson. It says that when it talks about all the precedent it was relying on, it said, based on the reasoning that supervised release is the separate part of the original sentence. And so it embraced the idea that supervised release is a part of the original sentence. And then it says, perhaps in even more specific language, supervised release is a separate part of the original punishment. That's exactly what Johnson says. So Johnson does not contradict Robinson. Johnson validates Robinson. It validates the reasoning behind Robinson. And because Robinson itself actually cited a Ninth Circuit case as support, which held that because supervised release revocation is a punishment for the original offense, as Johnson determines and holds and states, then there's no double jeopardy problem for a substantive prosecution for that same conduct. And so Robinson, baked into Robinson, Johnson, the insight of Johnson, that post-revocation imprisonment is a punishment for the original offense, is fully baked into Robinson itself. It does not undermine it. It's fully consistent with it. And Johnson provides no basis to throw out Robinson. And Robinson directly resolves this case. Haymond doesn't in any way change that. For those reasons, we'd ask that you affirm, unless you have any other questions, your honors. I do not. Thank you, counsel. Thank you for fine arguments, cases submitted.